# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CARLTON T. PEASE,

    Petitioner,

v.                                                              Case No: 8:16-cv-3262-T-30JSS

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

THIS CAUSE comes before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Docs. 1 and 2), pursuant to 28 U.S.C. section 2255. The Court, having considered the motion; the record in the criminal case, 8:15-cr-293-T-30JSS; and the relevant law, concludes the motion should be denied.

## BACKGROUND

On August 5, 2015, Petitioner was indicted on three counts of distribution, and possession with intent to distribute, cocaine base, in violation of 21 U.S.C. sections 841(a)(1) and 841(b)(1)(C), all Class C Felonies; and one count of convicted felon in possession of a firearm, in violation of 18 U.S.C. sections 922(g)(1) and 924(e), a Class A Felony. (CR Doc. 1). Petitioner decided to plead guilty to all counts, and the Government provided Petitioner with a Notice of Maximum Penalty, Elements of Offense, Personalization of Elements and Factual Basis. (CR. Doc. 13). The penalty section of the Notice states that the penalty for counts 1 through 3 was a prison term of not more than 20

years plus a $100 special assessment per felony. The same section also explains count 4 had a 15-year-to-life mandatory minimum prison term plus the same $100 felony special assessment. After receiving this notice, Petitioner signed two consents regarding entry of a guilty plea (CR Docs. 15 and 23), and the Court accepted the plea on November 16, 2015.

The Presentence Investigation Report ("PSR") (CR Doc. 31) explained that Petitioner qualified as an armed career criminal under USSG section 4B1.4, based on Petitioner pleading guilty to being a convicted felon in possession of a firearm plus his prior state court convictions for serious drugs convictions committed on separate occasions. The prior serious drug offenses, of which there were 11, occurred between March 2007 and June 2011, and included at least seven separate offenses for delivery of cocaine in violation of section 893.13(1)(a)1, Florida Statutes. Petitioner's offense level and criminal history category resulted in a guideline range of 188 to 235 months. Petitioner did not object to the PSR.

On February 11, 2016, the Court sentenced Petitioner to 188 months imprisonment on each count—the bottom of the guidelines—with sentences to run concurrently. Petitioner did not file a direct appeal, and his sentence became final on February 25, 2016.

**PETITIONER'S GROUNDS FOR RELIEF**

On November 23, 2016, Petitioner filed this timely[1] motion to vacate, set aside, or correct his sentence. In his motion, Petitioner raised the following three grounds:

---

[1] The motion is timely since it was filed within a year of Petitioner's conviction becoming final. *See* 28 U.S.C. § 2255(f)(1).

1. Counsel provided ineffective assistance when failing to argue that Petitioner's instant § 841(a) offense [sic] were not federal felony offenses under § 4B1.1 as clarified in *Moncrieffe v. Holder*, 133 S.Ct. 1678 (2013), *Descamps v. United States*, 133 S.Ct. 2276 (2013) and *Mathis v. United States*, 136 S.Ct. 2243 (2016).

2. Counsel provided ineffective assistance when failing to argue that Petitioner's prior Fla. Stat. § 893.13 offenses were not federal felony offenses within the definition of § 4B1.1 and § 924(e) as clarified in *Moncrieffe v. Holder*, 133 S.Ct. 1678 (2013), *Descamps v. United States*, 133 S.Ct. 2276 (2013) and *Mathis v. United States*, 136 S.Ct. 2243 (2016).

3. Petitioner is actually innocent of his ACCA sentence where he does not have at least three felony "serious drug offenses" committed on occasions different from another.

## DISCUSSION

### I. Standard of Review

Ineffective-assistance-of-counsel claims are cognizable under section 2255. *Lynn v. United States*, 365 F.3d 1225, 1234 n.17 (11th Cir. 2004). In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective-assistance-of-counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. *Strickland* requires proof of both deficient performance and consequent prejudice. *Id.* at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998)

("When applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds."). "There is a strong presumption that counsel's performance falls within the 'wide range of professional assistance'[;] the defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586, 91 L.Ed.2d 305 (1986) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.*

Thus, Petitioner must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691–92. To meet this burden, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

**II. Analysis**

In grounds 1 and 2, Petitioner puts forth essentially the same argument: counsel was ineffective for failing to object to Petitioner's sentence because neither his federal nor state court drug offense convictions qualify for enhancement of his sentence as a career offender

4

or under ACCA. More specifically, Petitioner argues that the offenses are not felonies because the statutes containing the elements of the crimes are separate from the statutes containing the penalties. Under Supreme Court precedent, Petitioner argues, this Court cannot determine that his offenses were felonies under the categorical approach or modified categorical approach because neither the drug type nor quantity were elements of the offenses for which he was convicted.

Put simply, Petitioner's argument is wrong. The sale of cocaine base is a qualifying offense triggering the career offender enhancement. *See United States v. Fulton*, 602 F. App'x 495, 496 (11th Cir. 2015) (approving the application of USSG § 4B1.1 for a violation of § 841(b)(1)(C) involving cocaine base). And convictions for delivery of cocaine under section 893.13(1)(a)1, Florida Statutes, are "serious drug offenses" under ACCA. *United States v. Horne*, 206 F. App'x 942, 944 n.3 (11th Cir. 2006). Moreover, if Petitioner's argument were true, no drug offense under federal or Florida law would ever qualify as a serious drug offense under ACCA, and that cannot be the case.

Because Petitioner's argument is wrong, counsel was not deficient for not raising it. And because counsel was not deficient, she was not ineffective. As such, grounds 1 and 2 must be denied.

Petitioner's final ground, which argues that he is actually innocent of his ACCA sentence, rests on the same flawed premise discussed above. Petitioner's prior state court convictions satisfied the three prior serious drug offense requirement under ACCA. The Court is also satisfied that Petitioner's multiple serious drug offenses occurred on separate occasions based on the information contained in the PSR, to which Petitioner did not

object. *United States v. Bennett,* 472 F.3d 825, 834 (11th Cir. 2006) ("[T]he district court did not err in relying on the undisputed facts in Bennett's PS[R] to determine that his prior convictions were violent felonies under the ACCA and, therefore, that he was an armed career criminal."); *United States v. Wade,* 458 F.3d 1273, 1277 (11th Cir. 2006) ("It is the law of this circuit that a failure to object to allegations of fact in a PS[R] admits those facts for sentencing purposes."). Petitioner, therefore, is not entitled to relief on this ground.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Docs. 1 and 2) is DENIED.

2. The Clerk is directed to terminate any pending motions as moot and close this file.

3. The Clerk is further directed to terminate from pending status the motion to vacate found at Doc. 37 in the underlying criminal case, case number 8:15-cr-293-T-30JSS.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."

6

*Id.* at § 2253(c)(2). To make such a showing, Petitioner "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida, this 7th day of December, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

7